UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:        -CIV-

ERNESTO GONZALEZ,

  Plaintiff,

v.

C & W FACILITY SERVICES, INC.

  Defendant.

_____/

## COMPLAINT

  COMES NOW, Plaintiff, ERNESTO GONZALEZ (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, C & W FACILITY SERVICES, INC. (hereafter referred to as "Defendant") and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981.

## PARTIES

2. Plaintiff, ERNESTO GONZALEZ, is an adult, male resident of Miami-Dade County, Florida.

3. Defendant, C & W FACILITY SERVICES, INC. is authorized to conduct business in Florida, and did at all material times, conduct substantial and continuous business in the Southern District of Florida.

4. Defendant was a "person" and/or "employer" pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981 since it employs fifteen or more employees for applicable statutory period; and it is subject to the employment discriminations provisions of the applicable statute, the FRCA.

5. At all times material hereto Plaintiff was an "employee" within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981.

## JURISDICTION AND VENUE

6. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.A. §1331, 1343, and 1367.

7. Venue is proper in the United States District Court of the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district.

8. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Humans Relations (FCHR).

9. Plaintiff files this complaint within 90 days after receiving a notice of right to sue from the EEOC.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

11. On or about March 13, 2011, Plaintiff began working for Defendant as a cleaner.

12. Everything was going well with Plaintiff's work environment until Defendant hired a new operations manager, Odaimis Lima.

13. Odaimis Lima constantly harassed Plaintiff due to his sexual orientation; going as far as making disrespectful comments about Plaintiff's lifestyle and mocking him in front of other employees.

14. For example: During a typical workday, Odaimis Lima confronted Plaintiff with extremely bad manners in front of many employees and told him "You do not even know what you are," as to reference to his sexual orientation, while she laughed at him.

15. Another example of Odaimis Lima's harassing behavior towards Plaintiff was when again in front of many employees, Odaimis Lima proclaimed to Plaintiff "You do not even like women," while laughing at him due to his sexual orientation.

16. Such confrontations between Odaimis Lima and Plaintiff created a hostile workplace in which Plaintiff never felt safe or welcomed due to the constant beratement from Odaimis Lima about his sexual orientation.

17. On another day, Plaintiff was working with a male co-worker, when Odaimis Lima approached both men and asked whether or not they were a couple. After Plaintiff replied no, Odaimis Lima began laughing at both men while making faces of disgust. Odaimis Lima followed up her question by asking, "Why don't you quit already? You are not accepted in this company."

18. As the hostile workplace continued at the hands of Odaimis Lima; Supervisors Gabriela Milan, Racheal Gonzalez, and Orlean Espinoza also began harassing Plaintiff by micromanaging and surveilling him constantly.

19. On August 14, 2020, Plaintiff received a warning for speaking on his cell phone during work hours, an activity that all employees do within the ordinary course of business. When Plaintiff asked other employees who also talk on their cell phone if they were ever written up, they responded that they were not.

20. After being written up, Plaintiff was informed that he was suspended indefinitely because he was under "investigation." At no point was Plaintiff ever informed why he was under such "investigation," or when such "investigation" would conclude.

21. After being suspended by Defendant, Plaintiff was wrongfully terminated and was told to leave and go home.

22. As a result of Defendant's discriminatory treatment of the Plaintiff based on his sexual orientation, Plaintiff had suffered damages and was forced to retain undersigned counsel.

## COUNT I
## SEX/GENDER DISCRIMINATION UNDER TITLE VII

23. Plaintiff reasserts her allegations in paragraph 1-22 as fully set forth herein.

24. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

> "(1)    It shall be an unlawful employment practice for an employer:
>
> > (a) To fail or refuse to hire  or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

25. Title VII accordingly prohibits discrimination based on sexual orientation.

26. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sexual orientation, which heterosexual individuals were not and would not have been subjected, in violation of Title VII.

27. Defendant's alleged basis for its adverse conduct against the Plaintiff and Plaintiff's discharge are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

28. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's constructive discharge, which reasons it does not have, Defendant's harassing conduct toward Plaintiff, and the aforementioned hostile workplace were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's discharge.

29. As a result of the harassing conduct to which the Plaintiff was subject and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

30. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

31. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

By: /s/ *Elvis J. Adan*
Elvis J. Adan, Esq.
Fla. Bar No.: 24223

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088