UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-cv-24129-FAM

ERNESTO GONZALEZ,

      Plaintiff,

v.

C & W FACILITY SERVICES INC.,

      Defendant.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, C&W Facility Services Inc., ("Defendant"), by and through undersigned counsel hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and states:

**JURISDICTIONAL ALLEGATIONS**

1. Defendant admits that Plaintiff purports to bring this action under the Title VII of the Civil Rights Act of 1964. Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint.

**PARTIES**

2. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 2 regarding Plaintiff's place of residence and, therefore, denies same. Defendant admits the remaining allegations in paragraph 2.

3. Defendant admits the allegations in paragraph 3.

4. Defendant admits the allegations in paragraph 4.

5. Defendant admits the allegations in paragraph 5.

1

## JURISDICTION AND VENUE

6. Defendant admits the allegations in paragraph 6 for jurisdictional purposes only.

7. Defendant admits the allegations in paragraph 7 for venue purposes only.

8. Defendant admits the allegations in paragraph 8.

9. Defendant admits the allegations in paragraph 9.

10. Defendant admits the allegations in paragraph 10.

## FACTUAL ALLEGATIONS

11. Defendant admits the allegations in paragraph 11.

12. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 12 and, therefore, denies same.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant admits that Plaintiff was suspended pending an investigation, and denies all remaining allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

## COUNT I
## SEX/GENDER DISCRIMINATION UNDER TITLE VII

23. Defendant reasserts its previous responses to paragraphs 1–22 as if fully set forth herein.

24. Defendant states that section 2000e-2 of Title VII of the Civil Rights Act of 1964 speaks for itself and the allegations in paragraph 24 require neither admission nor denial. Otherwise Defendant denies the allegations in paragraph 24.

25. Defendant states that Title VII of the Civil Rights Act of 1964 speaks for itself and the allegations in paragraph 25 require neither admission nor denial. Otherwise Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant admits that Plaintiff seeks her attorney's fees and costs but denies that she is entitled to them.

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph in Count I of the Complaint.

## JURY DEMAND

Defendant acknowledges that Plaintiff seeks a jury trial but denies that there are triable issues and denies that Plaintiff is entitled to any relief in this action. Defendant further denies any remaining allegations in Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. All claims in the Complaint which were required to be and were not the subject of a timely Charge filed with the United States Equal Opportunity Commission ("EEOC"), the Florida Commission on Human Relations ("FCHR"), or other federal, state, or local fair employment agencies, and each claim which did not accrue within the time frame prescribed by Title VII, the FCRA, or any other applicable limitations period, are barred.

3. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charges of discrimination Plaintiff filed with the EEOC or the FCHR, as applicable.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, to the extent that her allegations did not occur within the time frames prescribed by law under Title VII, the FCRA or any other state or federal statute.

5. Defendant's decisions concerning Plaintiff's employment were based upon legitimate business reasons completely unrelated to Plaintiff's sexual orientation.

6. Even assuming that Defendant's employment actions concerning Plaintiff were influenced by an unlawful motive, the existence of which is expressly denied, Defendant nonetheless would have taken the same employment actions with respect to Plaintiff even in the absence of such unlawful motive.

7. Defendant, at all times material herein, has made good faith efforts through its adoption of anti-discrimination policies, and education of its personnel to comply with the employment discrimination laws.

8. If Defendant acquires evidence about Plaintiff that would have disqualified Plaintiff from being hired or would have resulted in his termination had Defendant known, Plaintiff is not entitled to damages and/or equitable relief based upon the after acquired evidence should he prevail.

9. Plaintiff, in whole or in part, has failed to mitigate his damages. Additionally, Defendant is entitled to an offset for any mitigating income and benefits received by Plaintiff.

10. Defendant is entitled to the damage caps and limitations contained in the U.S. Constitution and applicable statutes.

11. If any improper, illegal, or discriminatory acts were taken by any of Defendant's employees against Plaintiff, which Defendant expressly denies, it was outside the course and scope of that person's employment, contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

12. To the extent Plaintiff claims he suffers any symptoms of mental and/or emotional distress, injury, or any other non-pecuniary losses, they are the result of preexisting psychological disorders and/or alternative concurring causes, and not the result of any act or omission by Defendant.

13. Defendant is entitled to an award of attorney's fees and costs associated with the defense of this action in accordance with the Supreme Court's ruling in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978).

## **RESERVATION OF RIGHTS**

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery, and thus,

Defendant reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Defenses.

**WHEREFORE**, having fully answered and responded to the allegations in Plaintiff's complaint, Defendant respectfully requests that:

1. Plaintiff's claims be dismissed with prejudice in their entirety;

2. Each and every prayer for relief in Plaintiff's complaint be denied;

3. Judgment be entered in favor of Defendant;

4. All costs be awarded to Defendant and against Plaintiff;

5. All reasonable attorney fees be awarded to Defendant and against Plaintiff; and

6. This Court grant Defendant such other and further relief as it deems just and appropriate.

Respectfully submitted this 16th day of February 2022.

> By: /s/ Rodolfo Gomez
> Rodolfo Gomez
> Florida Bar No.: 0820903
> rgomez@fordharrison.com
> Steven Reardon
> Florida Bar No.: 1003515
> sreardon@fordharrison.com
> FORD & HARRISON LLP
> 1 S.E. 3rd Avenue
> Suite 2130
> Miami, Florida 33131
> Telephone: (305) 808-2100
> Facsimile:  (305) 808-2101
> Attorneys for Defendant

## CERTIFICATE OF SERVICE

I do hereby certify that on the 16th day of February 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Rodolfo Gomez
Counsel for Defendant

## SERVICE LIST

Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida  33144
Telephone:  (305) 261-7000
Facsimile: (305) 261-0088
Counsel for Plaintiff

WSACTIVELLP:12918124.1